

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00139-CR
_____

WILLIAM BURKHART JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1522957D

Before Bassel, Kerr, and Pittman, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant William Burkhart Jr. appeals from his conviction for evading arrest or detention with a vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A) (West 2016). We affirm.

A grand jury indicted Burkhart for evading arrest or detention with a vehicle. The indictment included a deadly-weapon-finding notice and a repeat-offender notice alleging that Burkhart had previously been convicted of evading arrest or detention in January 2009. Burkhart waived his right to a jury at both the guilt-innocence and punishment phases, and he pleaded guilty to the offense charged in the indictment without the benefit of a plea-bargain agreement. Burkhart also pleaded "true" to the deadly-weapon-finding notice and the repeat-offender notice. The trial court accepted Burkhart's guilty plea and pleas of "true" to the notices and ordered the preparation of a presentence investigation report (PSI). After the PSI was prepared, the trial court held a punishment hearing at which Burkhart called two witnesses to testify and took the stand himself. After reviewing the PSI and hearing testimony and closing arguments, the trial court sentenced Burkhart to five years' confinement.

Burkhart's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified

Burkhart of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Burkhart's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Burkhart had the opportunity to file a pro se response to the *Anders* brief and has done so.[1] The State submitted a letter stating that it would not be filing a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Burkhart's pro se responses. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe*

---

[1] Initially, we construed Burkhart's pro se August 21, 2018 letter as a response to the *Anders* brief. Burkhart later filed a "Motion for Extension of Time to File Appellate Brief," and we allowed him to file a supplemental pro se response to counsel's *Anders* brief.

*v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 7, 2019

4